I have a little bit of a frog in my throat so I'm going to do my best to speak up. John Ward here for Mr. Butler. In October of 2000, as long as I have my hearing aids on and a volume control, I'm fine. We'll just do the best we can with what we've got left. In 2008 October, Mr. Butler filed a petition that everybody agreed was timely. Problem was, he included an unexhausted claim that he was simultaneously litigating in Superior Court. The district judge said, this is a mixed petition, I'm dismissing it without prejudice, but remember if you come back it won't be a second or successive petition. So he goes and he exhausts, if my colleague is to be credited, which I'm sure she is, ad nauseum, and about several months later he goes back to the same court, same magistrate, with the same petition and I guess an additional claim relating to the Sixth Amendment. The State does not make any appearance in either of these cases, 08 or 09. There's no real argument, or Mr. Butler doesn't really make any argument about timeliness in 2009. He says, I should have equitable estoppel because I just got the records, because I'm pro se, and because it would be unjust to do otherwise. And he doesn't make the argument to the district court that the court should have given me the opportunity. This is where I got the woo-woos on Saturday night. I think, and I had always thought, that given the fact that it was the court's job to tell him, you can delete the unexhausted claim and go forward on the exhausted claim, and the fact that he included the Sherwood order in the second thing, in the second petition, that that was enough to alert the second judge, who was the same judge as the first judge, you know. Should have alerted the judge. Should have alerted the judge and he should have done the right thing. So then the other day when I was thinking about this case, I thought, well, what if I'm wrong? And then I looked at United States v. Olano, which says that there's a difference between waiving a claim and forfeiting a claim, and that one could argue, although I didn't make this argument, that this, that the Budge-Henderson claim was, was forfeited. And in that case, this Court has the power to reach it anyhow, if it's a plain error, if it affects the substantial rights of the party, and if it affects the fundamental fairness of the proceedings. And I would say that, you know, if you want to go back that far, all of that has been met in this case. A mistake was made, it seems clear, under this Court's precedence. The mistake could have been corrected easily, and it wasn't. And so that either under Rifty, either considering the claim as properly raised, or under Rule 52B, this Court should reach the matter and send it back to the district court to take a look at the petition. Is it your contention, counsel, that your client is entitled to have all of the claims that were listed in the second petition considered, because some of them weren't even raised in the first, at least one wasn't even raised in the first petition, and another one was pending at the time of the first petition? I think, you know, Henderson says, everybody agrees that all the claims are exhausted, so let's hear them all. I think here, it's much more a matter for the district judge to decide. So you think that issue should go back to the district court to decide which claims were exhausted? Yeah, particularly the last one, because if, as I say, the warden is right, and I'm sure I have no reason to, even though I think there shouldn't have been any judicial notice, I think she probably is right, that the last claim was dumped by the California Supreme Court with references to Duval. And Duval means you haven't exhausted, give us some more facts. So you know, but it's also, none of these things are easy or simple, and so I think the district judge in the first instance should take a look at that and see what's properly before him. It's not only what was exhausted and what wasn't exhausted, it's also what was in the first petition that was, should have been dismissed, and in other words, does he get to file now more than what he should have been allowed to file originally, i.e., the ones that were exhausted at the time, at the original time? I think, you know, here's where say and obey, I think, comes in. If the court decides that it would be appropriate to stay and obey, and the, quote, unquote, new claims were centered, revolved around the same operative facts, excuse me. Oh, right. So in other words, so the problem is that whether they would be laid back, essentially. Yeah. And you're saying we should just leave all that for the district court? I think so. I mean, you know, what do we know? I mean, there's, you know, there's timeliness, but then there's also excuses for lack of timeliness. There's operative facts and non-operative facts, and I don't think that it's correct. None of this actually happened, because, and the State didn't appear earlier, so. That's what I mean. It doesn't seem to make any sense to, for this Court to try to figure all that out. I made some attempt to figure it all out and just got a headache. When you talk about stay and obey, the error, as you portrayed it the first time by the district court, was not to give him the warning that he could amend, he could file an amended petition. Right. There was no requirement for the judge to tell him he could stay the petition or give him advice that, you know, you can request a stay and exhaust your pending claim. There was no requirement for the judge to do that, correct? Although later cases say, at a minimum, the judge should warn him that he could delete and go forward. And then there's a concurrence, I think, in one of Judge Fletcher's cases that say that perhaps it would be proper to offer stay and obey. So I can't say that that must be the case, but I must say that at a minimum, he gets to go back and have the claims that the district court judge decides were righteously there in 2008 heard on the merits. Do we have to decide the second question, i.e., whether he should have been given notice of the stay and obey? Or should we? Because otherwise we're just going to hear it again. Well, I'm not so sure that the law is really clear about that. Well, I understand. So if it's not clear, would it be wise for us to decide it now? That would be a good idea, I think. But you think it's not necessary, we should just send it all back to the district court? Pardon me? Your basic position is don't decide anything except that the whole thing should have been decided. I mean, I certainly, God forbid I should ask for too little, Judge. I mean, it seems to me that the question of stay and obey should be open, you know, to the district judge, just as I think it probably at this point would be a good idea to appoint a counsel or, you know, suggest that counsel be appointed in the district court. This is very complicated stuff. And this man, as Judge Pegerson said in the earlier case, this man was not asleep. He was filing writs ad infinitum. But you agree that it's untimely. You haven't challenged the fact that it's untimely, that equitable tolling is the only issue before the court. Well, nobody ever, right. I mean, the 2008 was clearly timely. The 2009, the reason he gets in is because of Jefferson and Henderson. And there's a long exegesis in the state's brief about statutory tolling and something, but you're not arguing any of that. I don't know anything. I mean, I can't. You're simply arguing that the Henderson issue. Yes. Yes. The other stuff I just think doesn't belong here at all. Okay. That's it. All right. Thank you. You're welcome. Good morning, Your Honors. May it please the court. I'm Deputy Attorney General Kim Ahrens, appearing on behalf of the warden. I disagree with counsel's argument that there could be a requirement that the court must advise a petitioner regarding stay in abeyance. This runs. All right. But let's go back to the beginning, though. I mean, why isn't he right that at a minimum the claims that were originally in the petition and that were dismissed without giving him the opportunity to amend the un-exhausted claims out should be allowed to go forward now? Is he right about that? No, he was not. All that's required. That's the main issue in the case. Well, all that's required is that a prisoner be left with the opportunity of either returning to state court or proceeding on the exhausted claims. And he was left with that opportunity. But he doesn't have to be told it? He does not have to be advised. And this was spelled out very clearly. The case law doesn't say that? The case law says the only time that an advisement is recommended is if dismissal would unreasonably impair a petitioner's right to obtain federal habeas corpus relief. This is discussed in Rines, and Rines is the case that Jefferson relies on. But doesn't Henderson v. Johnson say that you have to give that advice, that the district court has to offer leave to amend? Henderson does say that, but Henderson, the petitioner requested, made a request, and the court denied the request in Henderson. Made a request for what? A stay? But we're not talking about a stay here. A stay or in the alternative, if a stay was inappropriate, then the second request was to amend the petition to delete the unexhausted claims. And the court denied the request and then summarily dismissed the petition. And in Henderson, the court held that this was improper. Henderson says, we have explained that a petitioner who files a mixed petition must at a minimum be offered leave to amend the petition to delete any unexhausted claims, citing Jefferson, Kelly v. Small. And so you're saying that they don't have to offer him the opportunity? I'm saying that they don't have to offer them the opportunity because that reliance on Jefferson, Jefferson is based on the Supreme Court's holding of Ryan's. It says, we have explained that a petitioner who files a mixed petition must at a minimum be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims. Yes, Your Honor. It's very clear. It is very clear, but the court is misconstruing the Supreme Court's language. Well, I don't know, but we're bound by the Ninth Circuit. And you know, we have, you know, this is an opinion per curiam by Judge Bright, who's been around for a long, long time, longer than I have. And Susan Graber and Sandra Kuda, all three are scholars. I don't disagree. And they're sticklers for clarity, so I mean, it's just crystal clear to me. Henderson, to the extent that Henderson correctly held that a district court is required to give these advisements, Henderson did not address equitable tolling. And the equitable toll, even assuming that the district court erred in dismissing the mixed petition, where there is a pending state petition, to give a petitioner advisements that he has an option of returning to state court or proceeding with unexhausted claims, it doesn't make sense where the petitioner has already made the choice to return to state court. He already had made that choice to go to state court. What do you mean he already made the choice? You mean he made a choice to give up his claims when no one told him that? He made the choice to return to state court and pursue exhaustion. Well, that was just one of the claims, though he had other claims in the petition. Yes, but the unexhausted claim was the one that he had returned to state court. It was the claim regarding the confrontation clause. And so that was the claim that he returned to state court to exhaust. And he received tolling. The rationale for equitable tolling is that he is concerned that he's going to lose some time while he returns to state court. In most cases where a prisoner returns to state court and he has a pending state habeas petition, he is receiving some tolling for that petition. And here, when he filed his initial petition in federal court, he had a pending state habeas petition at the same time in state court, and he received tolling. So the federal court petition and the district court's denial of the mixed petition had no bearing regarding the untimely filing of his subsequent federal petition. It had no impact because he was receiving tolling for his state petition at the same time. You mean he could have filed a second one faster than he did? Is that what you're saying? He didn't. The federal petition was untimely because his state petitions, two of his state petitions, were untimely filed. And so he did not receive statutory tolling for those petitions. But he indubitably had a timely filed federal claim. Yes, he did. And because he wasn't given the opportunity to amend out the unexhausted claims, he's not being able to go forward on that one. He did have the opportunity. He had 47 days of limitations period remaining when his first petition was dismissed. He could have simply refiled a new petition. But he wasn't told about that. He wasn't told. The district court's order did tell him he could refile a new petition with some or all of the same claims, and it would not be deemed a successive petition. But the court did not go so far as to tell him that he had a choice of returning to state court or deleting the unexhausted. And it's your position that he doesn't have to be tolled then? Yes, Your Honor. And it's also your position that even if he wasn't told it, and even if he should have been told it, that he doesn't get a corporal tolling? Yes, Your Honor. Even though Jefferson v. Budge seems to cover the second issue? Well, Jefferson v. Budge does not cover the same issue because Jefferson v. Budge assumes ordinary diligence on the part of the petitioner, number one. And secondly, the limitations period had expired while the first federal petition was pending in Jefferson and in Telema. And so that was the extraordinary circumstance beyond the prisoner's control. Inequitable tolling in general takes out the time that he shouldn't have been charged with because of inequitable, because he was essentially misled about something. So if you take the time out, in other words, diligence is not, the fact that he had more time left doesn't affect the fact that you're removing as non, as tolled, tolling means that period that he should have had but didn't. Yes, it does give him that time, but he has to demonstrate that there were extraordinary circumstances beyond his control that caused the untimely filing. And that's the time he's given. Here, he hasn't met that burden because he didn't demonstrate diligence, because he didn't pursue all of his claims when they were reasonably available, which is discussed. Well, that could lead to, well, what is your position on the issue we were talking about before? Let's assume that we disagreed with you as to whether he should have been given the opportunity and also disagreed with you about the tolling. What do we do next? I mean, that would leave one, at least one claim that he should have been able to go forward on. What about everything else? What do we do with it? Assuming he's entitled to, you want me to assume he's entitled to? As to what was in the original, as to the exhausted claim in the original petition. He only has one exhausted claim, and that was the claim that he raised on direct appeal. But the district courts never ruled on that as to whether there was anything that could relate back or whether there's any other basis for, right? This court should give the district court instructions with regard to if he is to receive equitable tolling, then the district court should move forward as if the error had not occurred. And if he opted, let's say the error had not occurred, meaning his claimed error is that the district court failed to give him this advisement that he had one of two choices. He either returned to state court and exhaust your claims or delete the unexhausted claims. And assuming that he would have opted for the second choice and deleted his unexhausted claims, then that's the only relief he can. Where does that issue get decided now, which claims were exhausted in that original? Do you agree with your adversary that that should go back to the district court or can that be decided by this court? Because the issue hasn't been fully addressed in the briefing here and it wasn't, the attorney general's office wasn't required to respond to the petition below. It's not a problem for the district court to address it, but the district court should be in both petitions because he brought up some new claims in his second, I believe he brought up a prosecutorial misconduct claim that had never been raised in his first petition. So, so that's a new claim raised for the first time. The problem is that we don't really know any of that except through judicial notice, right? Correct. Correct. And the district court is equipped to handle that. But. So what are you asking us to do? This issue hasn't really been addressed in case law. Right. So what, so what are you asking that we rule on other than the question, the fact that there is, whether there is at least one claim that should have been allowed to go forward? What else do you think we need to rule on, if anything? The district, he cannot obtain relief beyond what he would have been entitled to if the error. That's not exactly right because there's a relation back possibility, depending what the claims were, which we don't really know. That's correct. And the claims, they have to have a common core of operative facts and the district court can make that determination. And we don't really know whether there were any other exhaustion. We just don't know much at all. That's correct, Your Honor. All right. Thanks. You know, just, just. Oh, I checked many years ago with the district court in Los Angeles. Find out how many habeas petitions were filed. It's a thousand. You know, many are granted. I don't know. Uno. So that's why some people call the great writ the great joke. So, you know, the state really doesn't have to worry too much, but all this stuff. Well, the state does require that. Yeah, I must be raised within a reasonable time. You know, the, these rules of habeas now are so complicated that it'd be impossible for any prisoner to really figure them out. And we probably have 30 magistrate judges and, you know, maybe they got a hundred law clerks trying to work on this all the time on state habeas petitions. But anyway, that's the real world. That's true. You did a good job for the state. We thank you. Thank you, Your Honor. Thank you. Oh, okay. Uh, we're all done on this one. That's okay. I mean, I appreciate that. You got a very nice smile.
judges: Amon, Pregerson, Berzon